```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                              ASHEVILLE DIVISION
                              1:05CV388-MU-02
```

THOMAS YATES McMAHAN, JR.,      )
    Petitioner,              )
                                )
       v.                    )                   __ORDER__
                                )
SHERWOOD McCABE, Supt. Of       )
  Harnett Correctional Inst., )
    Respondent.                )
_____)

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, received by this Court on December 21, 2005, but construed as filed with the Court on December 15, 2005. For the reasons stated herein, the petitioner's case will be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to this Petition, on July 20, 2004, the petitioner pled guilty to one count of Conspiracy to Commit Robbery with a Dangerous Weapon, and to one count of Conspiracy to Commit First Degree Kidnapping. Accordingly, on that occasion, the Superior Court of Mitchell County convicted the petitioner, and sentenced him to 82 to 108 months imprisonment. The petitioner's Petition further reports that he did not file a direct appeal in his case.

Rather, after waiting exactly 345 days, on July 5, 2005, the petitioner commenced his pursuit of collateral review by filing a

Motion for Appropriate Relief ("MAR," hereafter) in the Superior Court of Mitchell County.[1]  However, the petitioner's MAR was denied.  Next, the petitioner filed a Petition for a Writ of Certiorari in the North Carolina Court of Appeals, but that Petition was denied by Order filed November 14, 2005.

Consequently, after waiting an additional month, the petitioner prepared the instant federal <u>habeas</u> Petition, which he signed on December 15, 2005.  By this Petition, the petitioner seeks to argue, as he did on collateral review in State Court, that he was subjected to ineffective assistance of counsel by virtue of counsel's having misled him into giving false answers during his Plea Hearing; and that the trial Court lacked jurisdiction to convict him on the two underlying indictments because they "were the result of a single crime."  However, notwithstanding his stated beliefs to the contrary, the undersigned has concluded that the instant Petition must be dismissed as untimely filed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

---

[1] Although the form-Petition which the petitioner submitted prompted him to include such information and, in fact, the petitioner provided all other requested date information in that Petition, he failed to advise the Court of the date on which he filed this MAR.  Rather, a deputy clerk employed at the Superior Court of Mitchell County consulted the public record and advised the undersigned's pro-se law clerk of the date on which the petitioner's MAR was filed.  Such omission by the petitioner is all the more curious given the fact that the subject information is critical to this Court's ability to determine whether or not the instant Petition was timely filed.

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that the petitioner sustained his convictions on July 20, 2004; and that he did not attempt to appeal those matters in a timely manner. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's convictions and sentence(s) became final no later than August 3, 2004--that is, at the expiration of the brief

period during which he could have (but did not) properly file a direct appeal of those matters. See N.C.R.App.P. 4(a) (providing a 14-day period for filing of a notice of appeal). Furthermore, inasmuch as the petitioner's convictions and sentence(s) became final by August 3, 2004, in the absence of any other intervening circumstance, the petitioner had up to and including August 3, 2005 in which to file the instant habeas Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.")

Obviously, the petitioner did not file this Petition by such August 2005 date. Instead, the petitioner let 345 days elapse from his one-year period before he initiated collateral review proceedings in the North Carolina courts on July 5, 2005. At any rate, under the AEDPA, the petitioner is entitled to have the limitation period tolled for the entire time that he was seeking collateral review in State court.

Unfortunately for the petitioner, however, even when the time during which his case was pending on collateral review is excluded from the Court's calculations, such fact is of little consequence. That is, as was previously noted, the petitioner's collateral

proceedings were concluded on November 14, 2005 by virtue of the State appellate court's denial of his certiorari petition. Thus, clock for the petitioner's one-year limitations period resumed on November 15, 2005 and fully expired 20 days later on December 5, 2005. Thus, even when treating December 15, 2005--the date on which the petitioner signed the instant Petition--as the actual filing date, the record still clearly reflects that the instant Petition was filed ten days too late.

No doubt, the petitioner was aware that his Petition likely would be construed as time-barred. Nevertheless, despite having been prompted to provide such information, the petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant Motion.[2] That is, in response to the habeas form's question concerning why the petitioner waited more than one year to file this action, he merely advised that since he had "continuously filed petitions in this case" he "believe[d]"

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se petition to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Congress amended the rules governing habeas proceedings, and this Court modified its form Petitions to comply with Hill's requirement. The new Habeas forms now include a section which directs the petitioner to address the "timeliness of [his/her] petition." In particular, such new provision advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2254 does not bar [such] petition." Accordingly, given the fact that the petitioner has attempted to address the timeliness of his Petition--albeit unsuccessfully-- the Court concludes that it need not provide the petitioner with any additional opportunities to address such matters.

this Petition was timely filed. Suffice it to say, however, the foregoing explanation does not give rise to a statutory basis for tolling the limitations period.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period and that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

### III. CONCLUSION

The petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

**Signed: January 5, 2006**

Graham C. Mullen
Chief United States District Judge